IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:05-CR-0136-A |
| | ) | |
| ROBERT ANTHONY MARTIN | ) | |

**UNOPPOSED MOTION TO CONTINUE PRE-TRIAL CONFERENCE**

COMES NOW the defendant, Robert Anthony Martin, by and through counsel, and respectfully moves the Court to continue the pretrial conference set for July 6, 2005 in the above-captioned cause. The government does not oppose this motion. As grounds, the defendant states:

1. Undersigned counsel entered an appearance on behalf of the defendant on June 30, 2005. (The defendant was initially represented by Jennifer Hart of the Federal Defender Program, who has moved to withdraw due to a conflict of interest.)

2. Pursuant to the Order on Arraignment entered in this case on June 6, 2005, counsel for the defendant and the government are required to confer about the case at least three days prior to the pretrial conference.

3. After meeting the defendant for the first time on July 1, 2005, undersigned counsel attempted to confer with Verne Speirs, counsel for the government. A representative of the United States Attorney's office informed undersigned counsel that Mr. Speirs was out of the office all day on July 1, 2005 and would be out on July 5, 2005, as well.

4. Accordingly, counsel will not have an opportunity to confer about the case prior to the pretrial conference.

5.      The United States Sentencing Guidelines and the United States Attorneys Office for the Middle District of Alabama require that the defendant inform the government of his intent to enter a plea of guilty before the first pretrial conference in order to obtain a three-level downward departure for acceptance of responsibility.  <u>See</u> U.S.S.G. 3E1.1(b).  Due to counsel's late appointment to the case, undersigned counsel has not been able to discuss a potential plea bargain with Mr. Speirs prior to the pretrial conference.  Nor has counsel had time to conduct even a preliminary independent investigation of the facts of the case and the existence of viable defenses, which counsel must do in order to competently advise the defendant of whether he should plead guilty and what would constitute a reasonable plea bargain given the facts and circumstances of his case.  Accordingly, unless the pretrial conference is postponed, Mr. Martin will be foreclosed – through no fault of his own – from potentially obtaining this valuable three-level downward departure should he make a prompt and early decision to enter a guilty plea.

6.      Due to the above-mentioned factors, were the pretrial conference held on July 6, 2005, counsel would be unable to inform the court as to whether this case will proceed to trial, how long such a trial would take, and what pretrial litigation and other matters need to be scheduled ahead of trial.  Accordingly, it would serve the interests of efficiency, justice, and due process to continue the pre-trial conference to a later date.

WHEREFORE, based upon the above-stated grounds, the defendant respectfully requests a continuance of the July 6, 2005, pre-trial conference.

Respectfully submitted, this the 5th day of July, 2005.

/s/ Marion D.Chartoff
MARION D. CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
(334) 263-4766
mchartoff@bellsouth.net

### CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Mr. Verne H. Speirs.

Respectfully submitted,

/s/ Marion Chartoff
MARION CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
Fax: (334) 263-4766
mchartoff@bellsouth.net