IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:05-CR-0136-A |
| | ) | WO |
| | ) | |
| ROBERT ANTHONY MARTIN | ) | |

**ORDER ON MOTION**

    Pursuant to the assigned District Judge's consultation and authorization, the Magistrate Judge now considers Defendant's *Motion to Continue Trial,* filed on July 15, 2005, along with *Waiver of Speedy Trial Act* (Doc. 21), in the context of the Speedy Trial Act, 18 U.S.C.§3161. Indicted on May 25, 2005, Defendant was arraigned on June 8, 2005, and appointed counsel at the time concurred with the scheduling on this case on the August 29, 2005 term. Promptly after ascertaining the Federal Defender's conflict in providing representation to this defendant, appointed counsel secured other competent counsel, who appeared on June 30, 2005; at the scheduled pretrial conference on July 6, 2005, new counsel appropriately sought a continuance of the pretrial conference in order to confer with the defendant and to evaluate the merits of pre-trial motions.

    While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

Defense counsel has documented pre-existing and irreconcilable conflicts with the scheduled trial date. Moreover, such conflicts prevent a reasoned investigation of facts pertinent to the filing of any suppression motions. Additionally, a continuance is necessary in order to provide a more reasonable opportunity for counsel to complete evaluations of trial strategies and to engage in meaningful discussions regarding any mutually acceptable alternatives to trial. Absent a continuance of the scheduled trial, defense counsel and government counsel would be denied the reasonable time necessary – taking into account the exercise of due diligence – for effective trial preparation or other final disposition of this case.

Based upon the foregoing considerations of relevance, the court concludes, pursuant to 18 U.S.C.§3161(h)(8)(A), that the ends of justice served by continuing this case to the December 5, 2005 term outweigh the best interest of the public and the defendant in a speedy trial. **Accordingly, Defendant's *Motion to Continue Trial* is hereby GRANTED, and the jury selection and trial of this case are continued to the term commencing December 5, 2005, before Senior District Judge W. Harold Albritton.**

Done this 19th day of July, 2005.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE