IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | 3:05-CR-0136-A |
| ) | |
| ROBERT ANTHONY MARTIN  ) | |

## MOTION TO SUPPRESS

Defendant Robert Anthony Martin moves the Court pursuant to the Fifth Amendment to the United States Constitution to suppress his statements to the police.  Any statements he made on the day of his arrest were made without a knowing and voluntary of waiver of his rights to counsel and to remain silent, and were involuntary.

Factual allegations

On February 15, 2005, Lee County Sheriff's Deputy Adalberto Rosa conducted a traffic stop in the Smiths community of Lee County, purportedly for a seatbelt violation.  Mr. Martin was a passenger in the car.  The officer ran a warrants check on the driver and found an outstanding warrant on the driver.  The officer then arrested the driver and searched the vehicle. During the search, the officer found drugs, drug paraphernalia and a weapon.  The other occupants of the vehicle attributed the weapon to Mr. Martin, so the officer arrested Mr. Martin and transported him to the Lee County Detention Center.

Lee County Investigator Keith Jordan interrogated Mr. Martin after arrest.  Mr. Martin was not represented by an attorney during the interrogation. Mr. Martin has a drug addiction and was extremely intoxicated at the time of the interrogation.  He also does not read well and has

only an eighth-grade education.  The intoxication combined with his limited education prevented him from understanding his rights and the consequences of the waiver of his rights.  As a result, he did not knowingly and intelligently waive those rights and his confession was not voluntary.

Legal authority and argument

Mr. Martin challenges the validity of his waiver of his rights against self-incrimination and to counsel.  "The *Miranda* rules condition the admissibility of an uncounseled statement taken during police interrogation on the state's demonstrating 'that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.'"  *Miller v. Dugger,* 838 F.2d 1530, 1537 (11th Cir. 1988) (*quoting Miranda v. Arizona*, 384 U.S. 436, 475, 86 S. Ct. 1602, 1628 (1966)).  *See also Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 1884 (1981) ("[W]aivers of counsel must not only be voluntary, but must also constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege...").

The determination of the validity of a defendant's waiver of his *Miranda* rights "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."  *Miller*, 838 F.2d at 1538 (*citing Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023 (1938)).  Mr. Martin has a very limited education and was extremely intoxicated at the time of the interrogation.  As a result, he could not understand the rights he had or the very serious consequences of the waiver of those rights, and he did not make an intelligent or considered choice to abandon those important protections.  Accordingly, his statements are not admissible and must be suppressed.

Mr. Martin's confession also was involuntary.  A confession is not voluntary unless it is "the product of a rational intellect and a free will."  *Lynumn v. Illinois*, 372 U.S. 528, 534 (1963).

In determining the voluntariness of a confession, the trial court must consider the "totality of the circumstances." This involves an inspection of both the police conduct and the characteristics of the accused. *See, e.g., Fikes v. Alabama*, 352 U.S. 191, 196-197 (1957). Given Mr. Martin's intoxication and limited educational attainment, his confession was not the product of a rational intellect and a free will. Accordingly, his statements must be suppressed.

For the above-stated reasons, the defendant moves that his statements to the police be suppressed.

Respectfully submitted, this the 13th day of September, 2005.

/s/ Marion D.Chartoff
MARION D. CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
(334) 263-4766
mchartoff@bellsouth.net

## CERTIFICATE OF SERVICE

      I hereby certify that on September 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Mr. Verne H. Speirs.

      Respectfully submitted,

/s/ Marion D. Chartoff
MARION D. CHARTOFF (CHA074)
Law Office of Marion Chartoff
505 S. Perry Street
Montgomery, AL 36104
(334) 264-0609
Fax: (334) 263-4766
mchartoff@bellsouth.net